**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUI LI CHENG, | No. 07-70081 |
| Petitioner, | Agency No. A098-539-959 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Hui Li Cheng, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's ("IJ") decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, including adverse credibility findings, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination, based on Cheng's omission from her original asylum application and her asylum interview of a forced abortion, *see id.* at 963, and Cheng's explanations do not compel a contrary conclusion, *see Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (record did not compel the finding that the IJ's unwillingness to believe a plausible explanation was erroneous in light of the importance of the omitted incidents to the asylum claim). Substantial evidence also supports the IJ's adverse credibility determination based on his demeanor finding. *See Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999) ("special deference" given to credibility determinations based on demeanor); *see also Wang v. INS*, 352 F.3d 1250, 1256 (9th Cir. 2003) (evasive testimony supported adverse credibility finding). In the absence of credible testimony, Cheng's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Cheng's CAT claim is based on the same evidence the IJ found not credible, and she points to no further evidence to compel the finding it is more

likely than not she would be tortured if returned to China, her CAT claim also fails. *See id*. at 1156-57.

Finally, we reject Cheng's contention that the IJ exhibited bias in making his adverse credibility findings.

**PETITION FOR REVIEW DENIED.**